HAYDENVILLE SAVINGS BANK *vs.* ENOS PARSONS & another.

Hampshire. Sept. 18. — Nov. 1, 1884.   C. ALLEN & COLBURN, JJ., absent.

The receipt of interest in advance upon an overdue promissory note from the maker does not of itself import such a giving of time as will discharge a surety.

The maker of a promissory note payable to a bank, in which no rate of interest was expressed, after its maturity, asked for an extension of time until a certain estate could be settled, and was answered by the treasurer of the bank on behalf of the finance committee, " We have concluded to let the note lay along if you keep up the interest as you have done."   A few days later, the maker received a letter from the treasurer saying, " Your interest must be paid."   The next day he paid a sum equal to seven per cent per annum for six months on the amount .of the note, which was not then six months overdue; and it was the same sum which the maker. had paid several times when renewing.   The treasurer indorsed on the note the amount so paid as " received on the within note."   The maker called his attention to the fact, that it was not specified that it was paid as interest.   He replied, that it was paid as interest, and he preferred to have it indorsed in that way.   Before the next six months elapsed, another similar payment was made and indorsed in like form.   Subsequent payments were made at the end of each successive six months, and were indorsed as interest.   *Held,* in an action by the bank against the sureties on the note, that they were not discharged.   *Held also,* that the fact that one surety told the treasurer of the bank to sue the note was immaterial.

Payments and the indorsements of payments, upon a promissory note in which no rate of interest is expressed, of interest at the rate of seven per cent per annum, in respect of time after the note has become overdue, do not amount to a change of the contract, or satisfy the statutory requirement of an agreement in writing to bind the maker to pay that rate in the future.

CONTRACT upon a joint and several promissory note for $2500, dated October 20, 1877, payable in six months after date to the plaintiff, and made by Ansel Wright as principal and by the defendants as sureties.   Answer, that the plaintiff had discharged the sureties by agreeing with Wright to extend the time of payment of the note.   Trial in the Superior Court, before *Staples,* J., who ruled that the action could be maintained, and directed a verdict for the plaintiff; and the defendants alleged exceptions.   The facts appear in the opinion.

*W. G. Bassett,* for the defendants.

*D. W. Bond,* for the plaintiff.

HOLMES, J.   It has been held repeatedly in this Commonwealth, that receipt of interest in advance upon an overdue promissory note from the maker does not of itself import such

a giving of time as will discharge the sureties.  *Oxford Bank*
v. *Lewis*, 8 Pick. 457.  *Blackstone Bank* v. *Hill*, 10 Pick. 129.
*Central Bank* v. *Willard*, 17 Pick. 150.  *Agricultural Bank* v.
*Bishop*, 6 Gray, 317.  *Jennings* v. *Chase*, 10 Allen, 526.  The
most that the evidence for the sureties in the case at bar tended
to show was such a payment, and, as we think, not even that.  It
is true that the note mentioned no rate of interest, and that the
sum paid was more than the statutory rate of six per cent.  But
this can make no difference.  For if payment at six per cent of
a sum which would not be legally due if the debtor insisted on
his right to pay at maturity, or unless payment of the note was
postponed for a certain time, does not postpone the right to col-
lect the note, payment at seven per cent will not do it.

In this case, the maker asked for an extension until his
father's estate could be settled, and was answered by the plain-
tiff's treasurer on behalf of the finance committee, " We have
concluded to let the note lay along, if you keep up the interest
as you have done."   A few days later, July 24, 1878, the maker
received a letter from the treasurer saying, " Your interest must
be paid."   The next day he paid a sum equal to seven per cent
per annum for six months on the amount of the note, which was
not then six months overdue.   It was the same sum that the
maker had paid several times when renewing.   The treasurer
made the following indorsement on the note :  " July 25, 1878.
Received on the within note Eighty-seven and $\frac{50}{100}$ dollars.
$87.50."   The maker " called his attention to the fact that it
was not specified that it was paid as interest; he said it was
paid as interest, and he preferred to have it indorsed in that
way."   Before the next six months had elapsed, another simi-
lar payment was made, and indorsed in like form.   Subsequent
payments were made at the end of each successive six months,
and were indorsed as interest.

It seems to us that the import of the first transaction was, that
the bank insisted on receiving the money ambiguously, — to be
applied as interest if the bank should allow the note to run six
months, otherwise to be applied upon the note, —for the very
purpose of avoiding even such an implication of extension as
might be drawn from the receipt of interest *eo nomine* in excess
of what was due at the time.   The bank made no semblance

of a promise, except to let the note lie along, which means that it reserved the right to sue at any time; and it declined to indorse the payment as interest. Whether the bank might have been bound by the words of the indorsement to treat the sum as paid in respect of interest then legally due upon the note and principal, is not before us.

Payments and the indorsement of payments of interest at seven per cent, in respect of time since the note was due, do not amount to a change of the contract, or satisfy the statutory requirement of an agreement in writing to bind the maker to pay that rate in the future.

The fact that one surety told the plaintiff's treasurer to sue the note was immaterial. *Frye* v. *Barker*, 4 Pick. 382. *Bellows* v. *Lovell*, 5 Pick. 307. It is unnecessary to consider the authority of the treasurer to bind the bank, which is the only other question argued for the defendant.        *Exceptions overruled.*