JAMES W. SKELLY AND ANOTHER *v.* THE BRISTOL SAVINGS BANK.

Hartford Dist., March T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and BALDWIN, Js.

The taking of interest on a demand note in advance is *primâ facie* evidence of an agreement to forbear collecting the note during the time for which the interest is taken.

Where a savings bank, upon a loan made, took a note payable on demand with interest payable semi-annually in advance, and, after a certain payment of a half-year's interest and before the six months had expired, the makers of the note paid in the principal, the bank declining to return the unearned interest and receiving the money only as an ordinary deposit, it was held that they were not entitled to a return of the unearned interest.

[Argued March 8th—decided April 7th, 1893.]

ACTION to recover back an unearned balance of prepaid interest on a demand note which was paid up by the plaintiffs before the expiration of the time from which the interest had been paid; brought, by appeal from the judgment of a justice of the peace, to the Court of Common Pleas of Hartford County. The defendant demurred to the complaint, the court (*Calhoun, J.,*) overruled the demurrer, and, the defendant not making answer to the complaint, rendered judgment for the plaintiff. The defendant appealed. The case is stated in the opinion.

*C. E. Perkins* and *E. Peck,* for the appellant, cited — 7 Wait's Actions & Defenses, 59; Brandt on Guaranty, § 305; Burge on Suretyships, 206; 2 White & Tudor's Lead. Cases

in Equity, 986 ; *White* v. *Blake*, 1 Young & Coll. Exch., 420 ; *Drew* v. *Towle*, 30 N. Hamp., 531 ; *Miles* v. *McClellan*, 2 Nott & McC., 133 ; *Gardner* v. *Gardner*, 23 S. Car., 593 ; *People's Bank* v. *Pearsons*, 30 Verm., 714 ; *Hamilton* v. *Winterrowd*, 43 Ind., 393 ; *Woodburn* v. *Carter*, 50 id., 376 ; *Warner* v. *Campbell*, 26 Ill., 286 ; *Wakefield Bank* v. *Truesdell*, 55 Barb., 602 ; *Preston* v. *Henning*, 6 Bush, 556; *Scott* v. *Saffold*, 37 Geo., 370 ; *Walters* v. *Swallow*, 6 Whart., 446 ; *Union Bank* v. *McClung*, 9 Humph., 98 ; *Haydensville Savings Bank* v. *Parsons*, 138 Mass., 53 ; *Lockwood* v. *Crawford*, 18 Conn., 372 ; *Hayes* v. *Werner*, 45 id., 252.

*N. E. Pierce*, for the appellees.

1. This is a contract to pay $10,000 " on demand, with interest payable in advance semi-annually, on the first days of January and July in each year." This contract must be construed as a whole ; full effect must be given to all its parts. It was intended to be a loan for an uncertain length of time. An examination of the last part of the note shows that the parties expected that the loan might continue for a term of years. An examination of the first words of the note shows that the bank, nevertheless, reserved to itself the right to demand the principal at any time. The ordinary rule of construction for contracts, that the contract must be so construed as to give effect to all its parts, applies here. It will not do to say that the contract to pay interest in advance semi-annually renders the demand quality of the obligation nugatory, and creates an obligation running from six months to six months. Such was not the intention of the parties. Such construction would do violence to the express terms of the contract. Savings banks are allowed by the statute (Gen. Statutes, § 1810) to take interest in advance ; but neither the framers of the statute nor the makers of this note ever supposed that the bank would be thereby prevented from collecting the obligations due to it during the period for which advance interest had been received. It is, therefore, clear that the bank might have demanded payment of the principal at any time, regardless

of the fact that interest had been paid in advance of the time of making such demand.

2. The note is a demand note; the duties and privileges under it are reciprocal. If the bank has a right to demand payment the maker has a right to tender payment. If the bank should demand payment during the period for which interest has been paid in advance, it would seem clear that it must either refund the advance interest unearned at the time of payment or else credit it upon the principal. How is their duty in this particular changed by the fact that the maker has voluntarily paid the note? If he has a right to pay the note, then he surely cannot be robbed of the unearned interest. If the payment of interest in advance did not create any contract by the bank to wait until the end of the interest period before collecting the principal, it did not create any contract on the part of the maker to keep the money for six months. If the bank did not loan the money for six months then it is clear that the maker did not hire the money for six months.

3. Such loans are regarded by the banks and by the law as permanent loans. In the case of *Hubbard* v. *Callahan*, 42 Conn., 528, the court says : " The immense sums of money loaned by savings banks, insurance companies, and the school fund of this state, are all evidenced by notes, bonds, or other instruments, on demand or on very short time, and yet these are called permanent loans." In the case of *Seymour* v. *Continental Life Ins. Co.*, 44 Conn., 308, this court had before it a note exactly like the one at bar, and there said with regard to it: " It is manifest that the parties intended this transaction as a loan to continue for a term of years." In the case at bar the closing words " *in each year* " show that the parties expected the loan to continue indefinitely, that the terms of the instrument should continue with it, that the principal sum should always be demandable at the will of the bank and payable at the will of the makers, and that so long as the loan continued the interest should be kept paid in advance, the time of payment of interest being also fixed.

ANDREWS, C. J. The complaint alleges that on January 1st, 1892, the plaintiffs were indebted to the defendant in the sum of ten thousand dollars, as evidenced by their promissory note as follows:—"$10,000. January 14, 1888. On demand for value received we promise to pay the Bristol Savings Bank, at the office of said bank, ten thousand dollars, with interest payable in advance semi-annually on the first days of January and July in each year." (Signed by the plaintiffs.) That on said January 1st, 1892, the plaintiffs paid the defendant $250, as interest in advance at the rate of five per cent, per annum, that being the rate of interest agreed upon between the parties. That on April 7th, 1892, the plaintiffs gave the defendant a draft for the sum of $10,000 in payment of the note, and demanded the repayment of the unearned interest, and that the defendant accepted the same in payment of the note. That the defendant paid the plaintiffs $75, and refused to pay any more. That the plaintiffs on that day and on divers days between that time and the date of the writ, demanded the balance of the unearned interest; and that the amount of the unearned interest on said April 7th was $115.13, and that the balance still due the plaintiffs and unpaid is $40.13.

To this complaint the defendant demurred, and for reasons of demurrer assigned the following:—" That the said complaint purports to be a complaint in contract, but no contract either express or implied is set out therein, nor are any facts alleged from which the law implies a contract."

The trial court overruled the demurrer and rendered judgment for the plaintiffs. The defendant appeals to this court.

In considering the sufficiency of the complaint the payment of $75 by the defendant to the plaintiffs may be laid out of the case. It is agreed that the defendant refused to repay anything as unearned interest, but treated the plaintiffs as depositors of the sum of $10,000, and allowed them interest on that sum from the first day of May to the first day of July at the same rate (that is, four and one half per cent) which it allowed other depositors. It must also be admitted, as it is, that the complaint does not describe one of

that sort of transactions to which the law attaches the obligations of a contract irrespective of the intention of the parties or even against that intention; as where goods have been illegally taken from the owner and sold, when he may waive the tort and sue in assumpsit; or where a husband has turned his wife out of doors and a neighbor has supplied her with necessaries, when the neighbor may bring assumpsit against the husband.

A contract is an agreement between parties whereby one of them acquires a right to an act by the other; and the other assumes an obligation to perform that act. The obligation so assumed is called a promise. Contracts may be express or implied. These terms however do not denote different kinds of contracts, but have reference to the evidence by which the agreement between the parties is shown. If the agreement is shown by the direct words of the parties, spoken or written, the contract is said to be an express one. But if such agreement can only be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the surrounding circumstances, then the contract is an implied one. The plaintiffs' complaint does not allege any direct words of promise by the defendant to repay unearned interest. The question then is—Do the acts and conduct of the parties show such a promise?

The argument of the plaintiffs is this:—As their note is payable on demand the bank had the unqualified right to demand payment or to bring a suit on it at any time, notwithstanding the interest had been paid in advance; that the bank might have brought a suit on the 7th day of April, and if it had done so it would have been required to account for the interest which had been paid but not earned at that time, either to repay it or to apply it as part payment of the principal; and they say that their right to pay the note at any time is precisely the same as the right of the bank to demand payment, and that the same results follow, namely, that the bank must repay the unearned interest.

There can be no doubt that a savings bank might take interest in advance on a loan made by it and reserve the right

by agreement to bring a suit within the time for which interest had been paid. It was so decided in *Crosby* v. *Wyatt*, 10 N. Hamp., 313. Such seems to have been the understanding in our own cases. *Hubbard* v. *Callahan*, 42 Conn., 524; *Hayes* v. *Werner*, 45 id., 246, 252. In such a case if the note was collected by a suit it might be said that a promise was implied to return any excess of interest that had been paid, because the bank would thereby deprive the maker of the note of the use of the money a part of the time for which its use had been paid. So too there might be a promise by the bank to return unearned interest if the note should be paid by its maker. In the case before us there is no such promise unless it is found in the facts stated in the complaint.

The payment by the plaintiffs of the $250 on the first day of January, 1892—a part of which it is sought to get back by this action—was in terms the payment of interest in advance. It is so averred in the complaint. It was an absolute payment, not a conditional one. The plaintiffs by their note made two years before had promised in writing for value received to make payment of the interest from six months to six months in advance. They had done so for two years. The payment on the first of January, 1892, was made in pursuance of that promise. At the time that payment was made neither the plaintiffs nor the defendant expected or desired that any part of it should ever be paid back. The defendant is a savings bank engaged in the business of loaning money. It must obtain interest on its loans that it may be able to pay interest to its depositors. It is an advantage to such a bank to have permanent loans. It is a matter of common knowledge that a savings bank rarely, if ever, collects a loan when secured and the interest is paid. To have a loan paid is to such a bank an inconvenience and a loss. It must be assumed that the plaintiffs understood this usage of the defendant. On the 7th day of April, 1892, the defendant was willing and desirous that the loan to the plaintiffs should remain. The plaintiffs, disregarding the wish of the defendant, insisted on making payment. It is presumable that the plaintiffs paid their note on that day because they expected to

secure an advantage to themselves by doing so. Their plan involved an advantage to themselves by imposing a loss on the defendant. These are not circumstances from which a promise by the defendant to repay any portion of the interest money can be implied. Implied promises grow out of the acts of parties when those acts translated into words are a promise. In such cases the parties are supposed to have made those stipulations which as honest, fair and just men they ought to have made. But these qualities never require a party to submit to a loss for the benefit of another. The argument of the plaintiffs assumes that there was no contract by the defendant for forbearance. If this assumption is not correct then their argument falls. Now it seems to us that the taking of interest in advance is a fact, in the absence of any contrary evidence, tending to show an agreement for forbearance. This precise question was fully and carefully considered by PARKER, C. J., in *Crosby* v. *Wyatt*, 10 N. Hamp., 322. He said :—" Where an individual pays interest upon a note in advance he does so for the purpose of procuring delay ; and it is believed that it is generally understood between the parties, unless there is some express reservation, that the creditor has no right to call for the principal until the expiration of the time. The payment of the interest is the consideration of such an agreement implied from the transaction itself, if not distinctly expressed. The sum received is a payment, not as a part of the principal, or generally, but specially, as interest for a certain period. And why is this payment made ? Clearly to obtain delay, and for nothing else. The very idea of a payment of interest in advance presupposes that delay of payment of the principal is to be given for the same. The interest thus paid is not expected to be applied afterwards to the principal, or paid back on any contingency, unless there is some agreement of the parties to that effect. Nor are we aware of any principle upon which the maker after such a payment of interest in advance, could, before the expiration of the time, on offering to pay the balance, require the creditor to apply any portion of the interest so paid in discharge of the principal.

Should the creditor within the time commence a suit and obtain a judgment, no defense being made, the maker might perhaps recover back the interest for the unexpired time; but that would be because the creditor had not performed what was incumbent on him and the consideration of the payment had failed to that extent. *Fuller* v. *Little*, 7 N. Hamp., 535. A payment of interest in advance furnishes a sufficient consideration for a contract to delay. *Wheat* v. *Kendall*, 6 N. Hamp., 504, 508. As a general rule then the reception of interest in advance upon a note is *primâ facie* evidence of a binding contract to forbear and delay the time of payment; and no suit can be commenced against the maker during the period for which the interest has thus been paid." These views were affirmed by the same court in *Drew* v. *Towle*, 30 N. Hamp., 531, and approved in *The People's Bank* v. *Pearsons*, 30 Vermont, 714. Other cases in various jurisdictions sustain the same doctrine. *Wakefield Bank* v. *Truesdell*, 55 Barb., 602; *Robinson* v. *Miller*, 2 Bush, 176; *Preston* v. *Henning*, 6 id., 556; *Scott* v. *Saffold*, 37 Geo., 384; *Miles* v. *M'Lellan*, 2 Nott & McCord, 133; *Gardner* v. *Gardner*, 23 S. Car., 593; *Jarvis* v. *Hyatt*, 43 Ind., 163; *Abel* v. *Alexander*, 45 id., 523; *Woodburn* v. *Carter*, 50 id., 376.

The cases from Massachusetts and Maine hold that the reception of interest in advance is not of itself evidence of such a binding contract to extend the time of payment as to discharge a surety. *Oxford Bank* v. *Lewis*, 8 Pick., 458; *Blackstone Bank* v. *Hill*, 10 id., 129; *Agricultural Bank* v. *Bishop*, 6 Gray, 317; *Crosby* v. *Wyatt*, 23 Maine, 156. But these cases when examined with care are not inconsistent with the cases from New Hampshire and Vermont. In *Oxford Bank* v. *Lewis*, it is stated that the bank, even though it had taken interest in advance, had retained the right to sue at any time. In *Blackstone Bank* v. *Hill*, the statement is that the payments of interest in advance were made with the understanding that if the bank should want money the note might be collected before the expiration of the time for which the interest had been paid. These two cases are the authority for all later cases in that state and in Maine. In the very

latest case from Massachusetts, *Haydenville Savings Bank* v. *Parsons*, 138 Mass., 53, the court holds upon the facts stated that the bank reserved the right to sue at any time on the note. With the reservation of the right to collect the note at any time these cases harmonize with all the other cases cited.

After an examination of all the cases we are of opinion upon principle as well as upon authority that the taking of interest in advance on a note is, in the absence of any contrary agreement, *primâ facie* evidence of an agreement to forbear collecting the note.

There is error, and the judgment is reversed.

In this opinion the other judges concurred.