[No. 18.   Second Appellate District.—July 17, 1905.]

# M. Y. KELLAM, Respondent, v. A. W. BRODE, and L. D. BRODE, Appellants.

PROMISSORY NOTE—PAYMENT OF INTEREST IN ADVANCE—PRIMA FACIE EVIDENCE—GIFT OF CREDIT UPON PRINCIPAL—TIME NOT EXTENDED.—Although the general rule is that the payment of interest in advance is *prima facie* evidence of a binding contract to delay the time of payment of the principal of a promissory note, yet such *prima facie* evidence may be overcome by proof that the facts were otherwise. Where there is evidence to sustain a finding that the payment of the interest in advance was in sole consideration of a contemporaneous gift of a credit of a larger sum upon the principal, and that there was no agreement extending the time of payment, an action upon the note before the expiration of the period of interest credited is not premature.

ID.—EXCLUSION OF TESTIMONY IN SUPPORT OF ANSWER—ERROR CURED ON CROSS-EXAMINATION.—The erroneous exclusion of the testimony of a defendant in support of his answer was cured by the admission of the same testimony on his cross-examination.

ID.—DEFENSE OF ASSUMPTION OF NOTE AS FIRM INDEBTEDNESS—ERROR IN EXCLUDING EVIDENCE.—Where the defense was that the note in suit was given for firm indebtedness, and that plaintiff, subsequent to its execution, assumed all of the indebtedness of the firm, including said note, and plaintiff admitted an agreement to pay a specified sum which included a number of individual notes of members of the firm, it was error to exclude evidence as to what notes or indebtedness were in fact paid under the assumption as being material in determining whether or not the note sued on was an obligation assumed by the plaintiff.

ID.—FINDING AGAINST EVIDENCE—EXECUTION OF NOTE AFTER DATE—REPRESENTATION AS TO FIRM DEBT—ESTOPPEL.—Where the testimony shows without conflict that one of the defendants executed the note long after its date, under the inducement of a representation by plaintiff that it was for the indebtedness of the firm of which such defendant was to become a member, the plaintiff is estopped to deny as against such defendant that it was a firm obligation, to which the subsequent assumption of firm indebtedness by plaintiff was applicable, releasing such defendant therefrom, and a finding to the contrary is against the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, and J. F. Conroy, for Appellants.

The action was prematurely brought, the interest having been paid in advance for two years, and the action was brought before the expiration of that time. (*Skelly* v. *Bristol Savings Bank*, 63 Conn. 83, 38 Am. St. Rep. 340, 26 Atl. 474; *Scott* v. *Saffold*, 37 Ga. 384; *St. Paul Trust Co.* v. *St. Paul Chamber of Commerce*, 64 Minn. 439, 67 N. W. 350; *Crosby* v. *Wyatt*, 10 N. H. 318; *Drew* v. *Towle*, 30 N. H. 531, 64 Am. Dec. 309; *People's Bank* v. *Pearsons*, 30 Vt. 714; *Woodburn* v. *Carter*, 50 Ind. 376.) The findings are against the evidence.

R. L. Horton, for Respondent.

The action was not prematurely brought, there being no agreement to extend the time. The mere payment of interest in advance is not conclusive. Since the amendment of 1874 to section 1693 of the Civil Code an agreement to extend time should be in writing or by an executed oral agreement, and not otherwise. (*Henehan* v. *Hart*, 127 Cal. 656, 60 Pac. 426; *Hellier* v. *Russell*, 136 Cal. 143, 68 Pac. 581; *Harloe* v. *Lambie*, 132 Cal. 133, 64 Pac. 88; *Cashman* v. *Harrison*, 90 Cal. 297-304, 27 Pac. 283.) Payment was demanded and refused on the last day, and this authorized the action thereafter on that day. (*Hibernia etc. Society* v. *O'Grady*, 47 Cal. 579; *Belloc* v. *Davis*, 38 Cal. 242; *Woodward* v. *Brown*, 119 Cal. 283, 300, 63 Am. St. Rep. 108, 51 Pac. 2, 542.) The findings are sustained by the evidence. Evidence was not admissible to vary the obligation of the note. (*Conner* v. *Clark*, 12 Cal. 168, 73 Am. Dec. 529; *Shriver* v. *Lovejoy*, 32 Cal. 574; *Southern California etc. Bank* v. *Wyatt*, 87 Cal. 616, 25 Pac. 918; *California etc. Bank* v. *Ginty*, 108 Cal. 148, 41 Pac. 38; *Bradford Investment Co.* v. *Joost*, 117 Cal. 204, 48 Pac. 1083.)

ALLEN, J.—Defendants appeal from a judgment and order denying a new trial.

The complaint was filed March 19, 1902, declaring upon a promissory note, payable to plaintiff and signed by defendants, dated June 15, 1899, due in one year, for twelve

hundred dollars, with interest at seven per cent per annum payable semi-annually. Upon the note appeared the following indorsements:—

"Six months int. paid on within note; $42.00.    M. Y. KELLAM.

"March 19, 1900.  Paid Two Hundred Dollars on within note.  M. Y. KELLAM.

"March 19, 1900.  Int. paid in advance, $140.00; amount for two years from date.  M. Y. KELLAM."

In an amended complaint it is alleged that the last indorsement was entered through mistake, which defendants knew or suspected at the time; that the payment of interest was only up to December 15, 1901, and not later, and a reformation of the indorsement to that effect was asked.  The answer denies any mistake, and alleges that on March 19, 1900, in consideration of the payment of two hundred dollars, and the sum of one hundred and forty dollars advanced as interest, plaintiff agreed to extend the time of payment two years from and after March 19, 1900.  By way of further answer, the defendants allege that the note sued on was given in consideration of a debt of the Electric Supply and Fixture Company, a corporation, of which plaintiff had notice; that on the 19th of March, 1900, the plaintiff, for a valuable consideration, assumed and agreed to pay all the indebtedness of said Electric Supply and Fixture Company, including the note.

The court found such indorsement of March 19, 1900, was not improperly indorsed by mistake; that the same does truly express the intention of said party, and that the interest was paid in advance to March 19, 1902.  The court further finds that there was no agreement to any extension of time for the payment of said note, and the same was not then and never has been extended.

Judgment was entered in favor of the plaintiff and against defendants for one thousand dollars, with interest from December 15, 1901.

Appellants' first point discussed is that the action was prematurely brought; that the receipt of interest to March 19, 1902, amounted to an agreement to extend the time of payment to that date, and that being established the defendants had the whole of that day within which to pay the note and

were not in default when the action was commenced. The trial court, however, has found, and there was some testimony upon which such findings are supported, that while the interest was actually received and paid in advance to March 19, there was no agreement to extend time of payment on account thereof.

The general rule is, "that the reception of interest in advance upon a note is *prima facie* evidence of a binding contract to forbear and delay the time of payment." (*Skelly* v. *Bristol Sav. Bank,* 63 Conn. 83, [38 Am. St. Rep. 340, 26 Atl. 474].) "The inference is irresistible that where a creditor receives interest in advance there is a contract to extend the time of payment during the period for which interest is paid." (*Woodburn* v. *Carter,* 50 Ind. 376.) In these and many other decisions the inference to be derived is declared, while in others a *prima facie* case is said to be established by the proof of such facts. But such inferences and *prima facie* evidence may be overcome by proof that the facts are otherwise. It is entirely competent for parties to actually pay and receive money by way of interest in advance, upon an understanding that it should not affect the right to sue upon the original promise. This, in effect, is what the court below found, when it found that, notwithstanding the payment, there was no agreement to extend time. These findings were in line with plaintiff's testimony, that the credit of two hundred dollars was a gift, and that "when I struck off the $200 I gave him that, and he suggested then that he would pay me two years' interest in advance and I said 'All right,' and set it down on the note that way." The court appears to have accepted plaintiff's testimony as to the incidents of the transaction, and to have determined that the consideration of the payment of interest in advance was based upon the gift of two hundred dollars, and not a consideration for a new contract extending time of payment. In *Hellier* v. *Russell,* 136 Cal. 144, [68 Pac. 581], the principle is determined that the mere payment of interest in advance, pursuant to a stipulation in the original obligation so to do, is not even *prima facie* evidence of an intent to create a new contract.

It is further insisted by appellants that the court erred in excluding testimony of A. W. Brode, tending to show that the note set out in the complaint was given on account of the indebtedness of the Electric Supply and Fixture Company,

which testimony was in support of the allegation of the answer. This was error; but it was cured by the admission of the same testimony upon cross-examination of the witness, and we are unable to see any prejudice resulting from its exclusion in the examination-in-chief. Error is claimed by reason of the refusal of the court to admit testimony with reference to the character, payment, and consideration of certain other notes presented to the witness A. W. Brode. It was certainly material, in determining whether or not the note sued on was an obligation assumed by the plaintiff, to receive and consider evidence as to what notes or indebtedness were in fact paid under such assumption, and in discharge of what plaintiff admits was an agreement to pay about seven thousand eight hundred dollars. While some of the notes about which inquiry was sought were admitted to be individual obligations of the makers, yet they formed a part of the notes claimed by plaintiff to have been paid pursuant to the assumption of the firm indebtedness. We are unable to see how the court could determine the vital question in this case, which was with reference to the assumption by plaintiff of the note in suit, without going into an inquiry as to what was actually paid, and the character of the notes so paid, together with the amount. The refusal of the court to admit the evidence with relation to these notes was error, nor was it cured by subsequent statements in relation thereto.

It is insisted further by appellants that the finding of the trial court, that the note set out in the complaint was not the indebtedness of the Electric Supply and Fixture Company, is unsupported by the evidence. This is true, in so far as defendant L. D. Brode is concerned. While the answer admitted the execution of the note at its apparent date, the testimony, without contradiction, shows that more than two months elapsed after its execution by A. W. Brode before it was signed by L. D. Brode; and further, the uncontradicted testimony is that when it was signed by L. D. Brode, and as an inducement to procure his signature thereto, plaintiff represented that the note did represent a debt of the Electric Supply and Fixture Company, of which firm defendant was to become a member; and that such representations were believed and were the sole consideration for its execution by L. D. Brode. This being true, as between plaintiff and defendant L. D. Brode, the note became a firm obligation.

Plaintiff having asserted that it was a firm debt, and defendant having acted upon his belief in the truth thereof, plaintiff is estopped to deny that it was, and is, a firm debt; and having, for a good consideration, assumed in his contract with L. D. Brode to pay all obligations of the Electric Supply and Fixture Company, this note became a part of the liability so assumed, and defendant L. D. Brode ceased to be bound thereby.

Judgment and order reversed, and cause remanded for a new trial.

Gray, P. J., concurred.

Smith, J., concurred in the judgment.

A petition for a rehearing of this cause·was denied by the district court of appeal on August 15, 1905, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on September 14, 1905.