ADELINE G. WHITSON, as Committee of the Person and Property of CHARLES F. WHITSON, an Incompetent, Plaintiff, *v.* THE PEEKSKILL NATIONAL BANK, Defendant.

Supreme Court, New York Special Term, October, 1922 (Received January, 1923).

Accounting — loans made to alleged incompetent — application of proceeds of sale of collateral — prepayment of interest.

An alleged incompetent on February 15, 1921, about three months prior to his adjudication by written instrument authorized the defendant bank to offer and sell certain bank stock pledged to it as collateral security for the payment of certain stock notes given by said incompetent for loans at divers times between October, 1908, and February, 1921, and to apply the proceeds of such sale to the payment of the last of said notes, dated January 17, 1921, for $12,000, which was secured by fifty shares of the collateral. The proceeds of the sale of the stock were so applied and the balance credited to the account of the alleged incompetent. In an action by his committee for an accounting it appeared that fifty shares of the collateral had previously been sold by defendant under and by virtue of a written instrument dated December 31, 1919, executed by the alleged incompetent and the proceeds applied to the payment of his stock note dated November 19, 1919, for $15,000, and the balance applied as directed by him. The evidence showed that during all the times of the transactions had with defendant, and each of them, the alleged incompetent was mentally competent to understand and transact the same. *Held*, that there must be a finding against plaintiff on the issue that the alleged incompetent was totally incompetent when he signed the authorization of February 19, 1921.

The evidence showed that the prepayment by the alleged incompetent of certain promissory notes before maturity was in every instance entirely voluntary, for his own benefit, and was made when he obtained from defendant a new loan, invariably for an increased amount and frequently for a longer term and that such accommodation was the consideration on his part for his voluntary payments. *Held*, that in the absence of agreement to do so, interest thus voluntarily paid could not be applied upon the principal.

The rule invoked by plaintiff that unearned interest should be deducted from the principal upon a claim that the interest was paid in advance and the principal sums were paid prior to the expiration of the period for which interest had been paid, has no application here.

The evidence failing to disclose any agreement that the interest paid in advance was to be afterwards applied on the principal or paid back on any contingency, and the court being satisfied that the defendant had duly accounted for all moneys and collaterals intrusted to it by or on behalf of the alleged incompetent, judgment will be entered in favor of defendant, but without costs.

ACTION in equity for an accounting.

*Dean Nelson,* for plaintiff.

*James Dempsey,* for defendant.

GIEGERICH, J.    The action is for an accounting.    The alleged incompetent at divers times between about the month of October, 1908, and the 19th day of February, 1921, borrowed from the defendant on his stock notes various sums of money the payment of which was secured by his stock of the National City Bank as collateral.    All of such stock notes were paid except the one dated January 17, 1921, for $12,000, which was secured by fifty shares of said stock.    The defendant claims that on February 15, 1921, at least three months before he was adjudicated an incompetent, the alleged incompetent by written instrument authorized the defendant to offer for sale and sell such bank stock and apply the proceeds of sale to the payment of said last-mentioned note.    The stock was subsequently sold and the proceeds applied to the payment of said loan of $12,000 and the balance credited to the account of the alleged incompetent.    It appears from the evidence that fifty shares of said bank stock had previously been sold by the defendant bank by virtue of the written instrument executed by the alleged incompetent dated December 31, 1919, and the proceeds applied to the payment of his stock note for $15,000 dated November 19, 1919, and the balance thereof applied as directed by him.    The plaintiff claims that the authorization of February 15, 1921, is null and void because, as claimed, Mr. Whitson was totally incompetent when he signed the same.    This is denied by the defendant, and after considering the evidence I have concluded to find against the plaintiff on that issue.    It would appear from the evidence that during all the times of the transactions had with the defendant and each of them he was mentally competent to understand and transact the same.    The plaintiff contends that the unearned interest should be deducted from the principal because, as claimed, interest was paid in advance and the principal sums were subsequently paid prior to the expiration of the period for which interest had been paid.    22 Cyc. 1484. The evidence, however, shows that the prepayment by the alleged incompetent of certain promissory notes before the maturity thereof was in every instance entirely voluntary on his part and was for his own benefit and was made when he obtained from the defendant a new loan, invariably for an increased amount and frequently for a longer term, and which accommodation was the consideration on his part for such voluntary payments.    In the absence of an agreement to do so interest thus voluntarily paid

cannot be so applied to the principal, and the rule invoked by the plaintiff applies only when suit is brought on the note during the period for which interest is paid and the action is not defended and the holder obtains judgment. Under such circumstances the maker might perhaps recover back the interest for the unexpired term, but that would be because the creditor had not performed what was incumbent on him and the consideration of the payment had failed to that extent. *Crosby* v. *Wyatt*, 10 N. H. 318, 322; *Skelly* v. *Bristol Sav. Bank*, 63 Conn. 83; 19 L. R. A. 600, 601. As was said in the first of such cases and cited with approval in the latter: " Where an individual pays interest upon a note in advance, he does so for the purpose of procuring delay; and it is believed that it is generally understood between the parties, unless there is some express reservation, that the creditor has no right to call for the principal, until the expiration of the time.   *   *   *   The payment of the interest is the consideration of such an agreement, implied from the transaction itself, if not distinctly expressed. The sum received is a payment, not of part of the principal, or generally, but specially, of interest, for a certain period. And why is this payment made? Clearly to obtain the delay, and for nothing else. The very idea of a payment of interest in advance presupposes that delay of payment of the principal is to be given for the time. The interest thus paid is not expected to be applied afterwards to the principal, or paid back on any contingency, unless there is some agreement of the parties to that effect. Nor are we aware of any principle upon which the maker, after such a payment of interest in advance, could, before the expiration of the time, on offering to pay the balance, require the creditor to apply any portion of the interest so paid in discharge of the principal." The evidence fails to disclose any agreement of the parties of the character above mentioned. The evidence satisfies me that the defendant has duly accounted for all moneys and collaterals intrusted to its care by or on behalf of the alleged incompetent. My conclusion, therefore, is that the defendant is entitled to judgment, without costs. The requests for findings of the respective parties have been passed upon as indicated on the margins thereof. Submit for my signature, upon notice, a decision embodying, without change of language, all findings made by me. All papers received by me, including stenographer's minutes, exhibits, briefs, requests for findings and filed papers, have been returned to the clerk, to whom all further papers are to be handed in, with proof of service.

Judgment accordingly.