NEW YORK BAKERY, INC. *v.* DOWNTOWN BAKERY, INC., ET AL.

SUPERIOR COURT     MIDDLESEX COUNTY     FILE NO. 11449

Memorandum filed March 19, 1955.

*William M. Citron,* of Middletown, for the plaintiff.

*Sudarsky & Sudarsky,* of Hartford, and *Harry Edelberg,* of Middletown, for the defendants.

KING, J. The defendants filed a "Motion for Oyer" in which they moved "that the plaintiff be

ordered to file, within ten (10) days from the date hereof, copies" of certain documents described in six different paragraphs. The plaintiff filed a "Production by Plaintiff—re Oyer," which the defendants' counsel agreed was a satisfactory compliance with the first five paragraphs of the foregoing "Motion for Oyer." The defendants' sole claim was that there was no compliance with paragraph 6 of the "Motion for Oyer." Thus, the only portion of the "Motion for Oyer" herein passed upon is paragraph 6. The plaintiff, as to this paragraph, filed a motion entitled "Plaintiff's Motion Re Defendants' Motion for Oyer," the gist of which was a request for clarification of the demand for oyer set forth in the foregoing paragraph 6. For reasons which will hereafter appear no action need be taken on this motion of the plaintiff.

Plaintiff's counsel, at the hearing, offered to show all of the documents described in paragraph 6 which he had to defendants' counsel. This offer was rejected. Thus the question before the court does not primarily involve information necessary to the protection of the defendants' interests, since they rejected an opportunity to obtain such information, but merely a question of pleading. This is clarified by a portion of paragraph 6 of the "Motion for Oyer" which sought an order directing that the plaintiff "make the same [i.e., the copies] exhibits in this action." See Practice Book, § 42. In essence, the instant motion sought a more specific statement with respect to the documents involved.

The instant "Motion for Oyer" is to be distinguished from a motion for production, inspection or copying under Practice Book, §§ 72 and 73. Defendants' counsel directly based his claim that paragraph 6 of the instant motion should be granted on the provisions of Practice Book, § 117.

The documents sought in the instant motion are described as "bills for . . . repairs and replacements." Counsel for the defendants made no claim that this quoted language had any special or unusual meaning or significance. Obviously, a bill is not an agreement. It is merely a statement of a charge for services rendered or materials furnished under an agreement, express or implied. The terms of the agreement seldom appear in a bill, nor was there any claim that they did here. Oyer, under Practice Book, § 117, has reference only to agreements. It is wholly inapplicable to the relief sought here, which does not call for the production of any agreements. This requires that the motion be denied.

Furthermore, Practice Book, § 117, by its terms is not only limited to agreements but to express agreements. There is nothing here remotely suggesting that these bills referred to express agreements. It is hardly necessary to state that an express agreement may be either written or oral. The word "express" is used in contradistinction to the word "implied." "Express" (contrary to the claim of defendants' counsel) has nothing to do with whether a contract is oral or written. *Skelly* v. *Bristol Savings Bank*, 63 Conn. 83, 87. Indeed, a principal purpose of Practice Book, § 117, is to make possible a determination of whether an express agreement is or is not in writing.

The defendants' "Motion for Oyer" is denied.