STEFAN ELIASZ AND PEARL ELIASZ, HIS WIFE, PLAIN-
TIFFS-APPELLANTS, v. BROADWAY BANK AND TRUST
COMPANY, A BANKING CORPORATION OF THE STATE
OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued November 7, 1960—Decided December 5, 1960.

*Mr. Andrew Mainardi, Jr.,* argued the cause for plaintiffs-appellants (*Messrs. Mainardi & Mainardi,* attorneys).

*Mr. Leonard I. Garth* argued the cause for defendant-respondent (*Messrs. Cole, Berman & Garth,* attorneys).

PER CURIAM. This is an action to recover interest which was included in a note paid by plaintiffs to defendant in full before maturity. The County District Court granted defendant's motion for summary judgment, and the Appellate Division affirmed, one judge dissenting. 62 *N. J. Super.* 1 (1960). The appeal is before this court as of right. *R. R.* 1:2–1(*b*).

The facts of this case are set forth in the majority and dissenting opinions of the Appellate Division.

When there is no prepayment clause in a note, as in the present case, the maker cannot by payment in full before maturity oblige the holder to rebate unearned interest. *Bloomfield Sav. Bank v. Howard S. Stainton & Co.,* 60 *N. J. Super.* 524 (*App. Div.* 1960); *Skelly v. Bristol Sav. Bank,* 63 *Conn.* 83, 26 *A.* 474, 19 *L. R. A.* 599 (*Sup. Ct. Err.* 1893); *Alperstein v. National City Bank of New York,* 201 *Misc.* 47, 103 *N. Y. S.* 2d 930 (*Mun. Ct.* 1941). But the holder may lose his right to such interest by agreement to rebate it in return for prepayment or by conduct which

reasonably induces the maker to prepay. 6 *Corbin, Contracts* § 1282 (1951); 1 *Williston, Contracts* § 121 (*3d ed.* 1957); Annotation 24 *A. L. R.* 1474 (1923); *Restatement, Contracts* § 90 (1932). At the hearing on defendant's motion to dismiss, plaintiffs' attorney informed the trial court that he expected to prove "the bank officials on at least one occasion admitted to plaintiffs that they have a rebate coming." The circumstances attending the alleged admission were not elaborated. In view of the irregular and informal manner in which defendant's motion was initiated and considered, we think plaintiffs' statement raised a genuine issue of material fact which the plaintiffs should have been given an opportunity to develop at trial. *R. R.* 4:58–3. The evidence may show that plaintiffs prepaid the note pursuant to an agreement with the bank that it would rebate unearned interest or that they did so in reliance upon representations of bank officials that the unearned interest would be rebated. Either showing would prevent the defendant bank from legally retaining the unearned interest.

█ We note that at the trial following this remand, plaintiffs may introduce evidence showing that it was the custom of the defendant bank to grant rebates on prepayment of loans. The purpose of such evidence would not be to vary or elaborate upon the terms of the note but to corroborate plaintiffs' evidence that defendant's officials either agreed or said that the bank would grant the rebate. It is unnecessary for us to pass upon the other points raised and considered in the majority opinion of the Appellate Division.

The judgment of the Appellate Division is reversed and the cause is remanded to the District Court for trial. No costs.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.