[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a single count complaint in which the plaintiff seeks $11,267.84 in damages for sums "loaned, laid out and expended to and/or on behalf of the defendant . . ." At the foundation of this claim is a seven year relationship between the parties as lovers, during which time the plaintiff paid for the defendant's gambling debts, motel and hotel accommodations and meals shared by the parties, trips to Florida and North Carolina, her own Christmas gift from him to her for which she paid and repairs to the defendant's automobile. Her case is based on breach of an express or implied contract to repay these monies by the defendant. CT Page 6606
In support of her claim, the plaintiff has provided an itemized list of expenditures which meticulously sets forth the dates, payees, room numbers, restaurants and amounts. While not essential to establish her claim, no other written documents such as a promissory note or other acknowledgement by the defendant of the alleged loan, were placed into evidence.
The credible evidence, viewed in light most favorable to the plaintiff revealed the following. The relationship began in 1986 and ended April 1, 1993. The plaintiff, who had been married and divorced, did not want to enter another marital relationship again, so the parties were never married, although they cohabited later in their relationship. Besides, the defendant was still married when they first started seeing each other. The plaintiff enjoyed a responsible, well-paying job as an executive secretary at a local aerospace concern. The defendant was employed much of this time in the construction trades and at a relative's bar being paid under the table at the latter. For a few months he was unemployed and the plaintiff secured a second job in order to meet the financial needs of the parties. When he was without an automobile, she would either lend him hers or transport him to and from work. At various times she paid his gambling debts of almost $6500, in some instances by cashing in savings bonds accumulated through a payroll deduction plan at her place of employment. The parties lived at the plaintiff's mother's house and shared the rental payment, except that when he was out of work, she claims to have paid his share. The defendant was uncreditworthy so the plaintiff's credit cards were utilized for meals at restaurants, stays a hotels and motels and two trips to Florida and one to North Carolina. The defendant had no checking account and often spent is money on gambling and drinking. The plaintiff testified that the defendant promised to pay half of the expenses claimed, while the defendant testified that he paid her back for everything in cash. However, the court is compelled to note the only credible testimony from the defendant was his name and address. The plaintiff admits the defendant made random payments to her in 1992 and 1993 totaling $1265.
Although sufficient to make out a prima facie case, the paucity of allegations in the plaintiff's complaint limits the court to but one theory of recovery: an express or implied promise to repay by the defendant. The complaint is in one count and that is breach of contract. There are no other counts which would permit the court to consider alternate theories, such as unjust enrichment, for example. P.B. Sec. 138. Likewise, the prayer for CT Page 6607 relief seeks "money damages" alone with no claim for equitable relief. P.B. Sec. 139.
The plaintiff cites in her brief the case of Boland v.Catalano, 202 Conn. 333, 521 A.2d 142 (1987) which quotes from Skellyv. Bristol Savings Bank, 63 Conn. 83, 26 A. 474 (1893). It succinctly sets forth enduring black letter law with respect to the necessary evidence. It states:
 A contract is an agreement between parties whereby one of them acquires a right to an act by the other; and the other assumes an obligation to perform that act. The obligation so assumed is called a promise. Contracts may be express or implied. These terms, however, do not denote different kinds of contracts, but have reference to the evidence by which the agreement between the parties is shown. If the agreement is shown by the direct words of the parties, spoken or written, the contract is said to be an express one. But if such agreement can only be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the surrounding circumstances, then the contract is an implied one. Id. at 87
The plaintiff has failed to sustain her burden of proof by the preponderance of the evidence that there was an express or implied promise by the defendant to repay the funds expended on his behalf. There was no evidence to support an express promise to repay for any of the benefits enjoyed by the defendant at the decided expense of the plaintiff. It is true that $1265 was returned to the plaintiff by the defendant in 1992 and 1993, but there was no evidence to support the claim that the payments by defendant were made pursuant to an express promise. Although unlikely, perhaps these payments were made out of guilt; or maybe they were made in an effort to replenish the well in order to sustain the flow of water, but it is not for this court to speculate on his intentions. Clearly he did not make these payments in satisfaction of a known balance due and owing the plaintiff resulting from a written or otherwise expressed promise to pay.
And if the court views the evidence with an eye to finding there was an implied promise to repay, the plaintiff does not meet her burden. For seven years she expended monies and credit on the defendant even though he failed to pay his half of the first expenditure she laid out. He was a gambler who never seemed to CT Page 6608 experience even a modicum of success during the seven years they were together. While he lost, she paid, and never once did he share a winning windfall. She paid for her own Christmas present from him to her while he gallantly insisted she buy the more expensive selection. And that was in 1988, near the beginning of the relationship. She testified that she expected him to pay his one-half of the cost of the vacations and went on vacation with him again even though he had not ponied up his share of the first trip some five years earlier. If repayment was expected, her expectations must have been seriously eroded when he was unemployed and she found it necessary to take on a second job in order to bridge the gap in his income. But the plaintiff is perceptive as well as ambitious, for when the court inquired of her if she really expected him to pay her back, she stated she "hoped eventually some day he would pay some of the money." All of this serves to underscore the defendant's assertion that plaintiff's money was donated to the defendant without reasonable expectation of repayment in an effort to maintain their relationship. "Whether a contract exists is a question of fact for the trial court to determine from all evidence before it." J D Kasper Assoc. v.Merrimac Assoc., 37 Conn. Sup. 712, 714 (1981), citing RandolphConstruction v. Kings East Corp. , 165 Conn. 269, 277, 334 A.2d 464
(1971).
Judgment for the defendant.
STANLEY, J.