JOHN BRIGHENTI ET AL. *v*. NEW BRITAIN SHIRT
CORPORATION

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 10—decision released December 24, 1974

*Harry W. Hultgren, Jr.,* for the appellant
(defendant).

*Joseph P. Cianci,* for the appellees (plaintiffs).

LOISELLE, J. The plaintiffs sought recovery from the defendant for breach of contract to enter into a lease. The complaint was amended by adding a second count sounding in implied contract and a third count sounding in quasi contract. After a hearing before a state referee, acting as the court, judgment was rendered for the plaintiffs on the second and third counts, allowing recovery for services rendered and materials purchased. From this judgment the defendant has appealed.

The court found the following facts: The defendant had operated a factory in New Britain for a number of years prior to 1965 in a location which became a redevelopment area. Because of the necessity to relocate, the defendant became interested in securing a new factory site in an industrial park fostered by the redevelopment agency of New Britain. Negotiations between the parties culminated in a meeting on May 13, 1966, at which the parties were represented by counsel. After considerable discussion a document was prepared and signed by the parties to be sent to the redevelopment agency to secure commitment for the proposed location of a factory on lot number 19 in the industrial park. This document recited that a lease had been agreed upon for a new building of approximately 35,000 square feet to be constructed on lot number 19. On July 8, 1966, the defendant notified its attorney that the proposed agreement was off and the negotiations between the parties ended. The parties had never come to a completed final agreement upon the terms of the lease.

The court also found that the plaintiff Brighenti, "in reliance upon the belief that a lease would finally be executed, expended money in the securing of

plans and the purchase of material for the building in prospect." "In doing this, he acted reasonably and in reliance upon representations made" by the president of the defendant and others in behalf of the defendant. The finding does not reveal what representations had been made upon which the plaintiff had relied. The defendant has attacked the finding that the plaintiff acted reasonably and in reliance upon representations made by the defendant and others.

A finding of material fact may be attacked as not supported by the evidence. The validity of such a claim is tested by the evidence printed in the appendices to the briefs. Practice Book § 718; *Klein* v. *Chatfield,* 166 Conn. 76, 347 A.2d 58. An examination of the appendices reveals that in the spring of 1966 all parties were concerned with a threatened steel strike in the coming summer which might affect the erection of the proposed building. Evidence was presented that on March 18, 1966, the president of the defendant urged the plaintiffs to order steel and stated, "Don't worry about it, we'll work something out." The plaintiff Brighenti testified that at a meeting in April, 1966, the president of the defendant asked him "to go ahead and order" the steel, but Brighenti wanted "something firm down."

It further appears in the appendices that on May 7, 1966, the plaintiff Brighenti felt "ninety-nine percent" sure that a meeting to be held on May 13, 1966, would finalize the contract between the parties and that he ordered steel with the understanding he could cancel the order within two weeks. On May 13, 1966, after further negotiations between the parties, Brighenti, feeling that he had a firm com-

mitment from the defendant, called the steel company to confirm the order of May 7. There was evidence presented that at that meeting the president of the defendant stated to Brighenti, "Now you got your agreement, call now."

Although the president of the defendant, on occasion, did request that the plaintiffs order steel during the negotiations, it is clear that the plaintiffs would not order until they had "something firm down" and that when the order was placed on May 7, 1966, it was a tentative one which depended on what occurred on May 13, 1966, and which was made with the specific understanding that it could be rescinded. The order was confirmed on May 13, 1966, not on the urging or representations of the defendant, but upon the plaintiffs' belief that there was a firm contract.

The court found that the parties never did enter into a complete final agreement upon the terms of a lease, but allowed recovery on the grounds of an implied contract and quasi contract.

An implied contract is an agreement between the parties which is not expressed in words but which is inferred from the acts and the conduct of the parties. *Corriveau* v. *Jenkins Bros.*, 144 Conn. 383, 387, 132 A.2d 67; *Freda* v. *Smith*, 142 Conn. 126, 134, 111 A.2d 679; *Collins* v. *Lewis*, 111 Conn. 299, 304, 149 A. 668; 1 Williston, Contracts (3d Ed. Jaeger) § 3. The test is whether the conduct and acts of the parties show an agreement. *Skelly* v. *Bristol Savings Bank*, 63 Conn. 83, 87, 26 A. 474. The court found specifically that no agreement to lease was ever reached by the parties. Furthermore, the court reached no conclusion that an implied contract existed as a result of inferences

which it drew from the acts and conduct of the parties. The plaintiffs voluntarily expended funds to prepare plans in the hope that ultimately the benefits of a lease would redound to them. Similarly, the steel was procured, not in the expectation of compensation, but upon their belief that a contract to lease had been consummated.

Since it cannot be determined from the facts found or the facts recited in the appendices that the parties came to any agreement by words, acts or conduct, recovery on the second count on the ground of implied contract cannot be sustained.

In distinction to an implied contract, a quasi contract is not a contract, but an obligation which the law creates out of the circumstances present, even though a party did not assume the obligation, and may not have intended but in fact actually dissented from it. *Bartlett* v. *Raidart,* 107 Conn. 691, 694, 142 A. 398; *Sibley* v. *State,* 89 Conn. 682, 686, 96 A. 161. See also *Misisco* v. *La Maita,* 150 Conn. 680, 684, 192 A.2d 891; 66 Am. Jur. 2d, Restitution and Implied Contracts, § 2. It is based on equitable principles to operate whenever justice requires compensation to be made. As stated in *Cecio Bros., Inc.* v. *Greenwich,* 156 Conn. 561, 564–65, 244 A.2d 404, in discussing the doctrine applicable to a claim of unjust enrichment "[w]ith no other test than what under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed to examine the circumstances and the conduct of the parties and apply this standard."

The court made a finding that the plaintiffs relied upon the representations of the defendant. No facts

are included in the finding to support this. Moreover, the facts as previously noted in the appendices make it clear from the plaintiffs' course of conduct that they acted only on their own judgment that an agreement would be reached and that the letter of intent executed May 13, 1966, was a firm agreement. As the finding that the plaintiffs acted reasonably and in reliance upon representations made by the defendant is attacked and cannot be supported by the evidence in the appendices, it is stricken. Without this finding, the subordinate facts indicate only that the funds were expended voluntarily by the plaintiffs in a calculated business judgment, with its inherent risks, not induced by any conduct of the defendant but in reliance upon a mistaken belief that the parties had executed an enforceable agreement to lease. Considering the equity principles as previously outlined, the plaintiffs are not entitled to recover damages in quasi contract. It is unnecessary to consider the other assignments of error.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.