WHITE OAK EXCAVATORS, INC. *v.* BOARD OF TAX REVIEW OF THE TOWN OF WETHERSFIELD

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, JS.

Argued June 4—decision released July 29, 1975

*Edwin A. Lassman,* for the appellant-appellee (plaintiff).

*Donald J. Garvey,* assistant corporation counsel, for the appellee-appellant (defendant).

PER CURIAM. On its assessment lists of 1968 and 1969, the town of Wethersfield's assessor assessed the plaintiff for steel which the town claimed the plaintiff owned. The plaintiff disclaimed ownership and appealed the assessment to the board of tax review of the town of Wethersfield. The board refused to erase or abate the assessment, whereupon the plaintiff appealed to the Court of Common Pleas which rendered a judgment finding the plaintiff to be the owner of the structural steel. The plaintiff has appealed from that judgment. The defendant has cross appealed from the judgment reducing the assessment made by the town assessor and not modified by the board of tax review.

The following facts are not in dispute: The plaintiff, a corporation whose principal office is located in the town of Plainville, was a general contractor for the construction of a portion of interstate route 84 for the state of Connecticut highway department. The plaintiff entered into a contract with City Iron Works for the purchase of structural steel, which City Iron Works was to fabricate and deliver to the highway construction site. The contract provided for payment to City Iron Works in the same manner as the plaintiff received payment from the state under its construction contract. Because of delays in the construction of interstate route 84, the structural steel, for which the plaintiff had contracted, had to be stored at City Iron Works' storage yard in Wethersfield as there was no room at the construction site. Although it was not entitled to payment until the plaintiff received payment from the state, City Iron Works requested payment for the fabricated steel. The plaintiff issued a purchase order for the steel on April 7, 1967, and, with its own check, paid City Iron Works for the steel.

During mid-November, 1968, the town's assessor became aware of large quantities of steel in City Iron Works' storage yard in Wethersfield which had not been reported by it to the town. The assessor sought information as to the ownership and value of the steel. City Iron Works and the state of Connecticut disclaimed ownership. Requests for information and tax forms for declaring the steel for the lists of September 1, 1968, and September 1, 1969, were sent to the plaintiff. The plaintiff did not file a list for either year and informed the assessor that it owned no property in the town of Wethersfield. The assessor listed the steel as the plaintiff's property for both years on the best information available to him.

The plaintiff has attacked as unsupported by the evidence several findings which form the basis of the court's judgment that the plaintiff was the owner of the steel in question. Those findings state that it was the intention of the plaintiff and City Iron Works that their original contract be modified so that the plaintiff accept delivery of the steel in City Iron Works' yard and that title to the steel pass there; it was the intention of both parties that title to the steel segregated in the yard of City Iron Works pass to the plaintiff; the plaintiff at all times had the right of possession, did exercise control, and was responsible for the steel at all times in question; and the state of Connecticut did not have the right to possess or control, or have responsibility for, the steel. The validity of a claim that findings are not supported by the evidence is tested by the evidence printed in the appendices to the briefs. Practice Book §§ 645, 721; *Brighenti* v. *New Britain Shirt Corporation,* 167 Conn. 403, 405, 356 A.2d 181; *Hames* v. *Hames,* 163 Conn. 588,

591, 316 A.2d 379; *Solari* v. *Seperak,* 154 Conn. 179, 183, 224 A.2d 529. The evidence printed in the appendices to the briefs of both parties is insufficient to support the attacked findings, and, as a consequence, those findings must be stricken. Since the facts found by the court fail to support a conclusion that the plaintiff was the owner of the steel in question. for the purpose of property taxation on the lists of September 1, 1968, and September 1, 1969, in the town of Wethersfield, the judgment rendered is without support and cannot be sustained.

There is error, the judgment is set aside and the case is remanded with direction to render judgment sustaining the plaintiff's appeal.