[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Action to compel the defendant William W. Wright (hereinafter Wright) to perform under an oral agreement to vest title in the premises in the plaintiff, Wayne E. Bonds (hereinafter Bonds), and for restitution of monies advanced for the purchase of the premises, and for money damages for unjust enrichment.
After the evidence was complete the parties filed trial memoranda. The plaintiff memorandum provided inter alia the following:
"In May of 1990, the same parties to this action appeared before the Honorable Anthony V. DeMayo for trial in a Summary Process action involving the same premises which is the subject of this case. The Defendant/Tenant in the Summary Process action, Wayne E. Bonds, interposed a special defense in that action claiming an equitable and legal interest in the subject property by way of an oral purchase agreement.
Prior to the commencement of the summary process trial, all parties agreed that the legal issues raised by Mr. Bonds' special defense, i.e. oral contract, would be decided within the Summary Process proceeding. Mr. Bonds, specifically, reserved the right to argue the unjust enrichment and financial issues which were pending in this action before the superior court civil-side.
Judge DeMayo's Memorandum of Decision dated June 18, 1990, resolved the issue raised in Mr. Bonds' special defense in favor CT Page 7658 of Mr. Wright. Judge DeMayo found the claimed oral purchase agreement to be unenforceable thereby denying Mr. Bonds' claim to an equitable interest in the property.
The Plaintiff's Amended Complaint in this action, dated June 9, 1992, reflects the fact that the legal issues pending before this court center around Mr. Bonds' claims for restitution. These claims for restitution arise out of payments made and improvements performed under the prior oral agreement between the Plaintiff, Wayne E. Bonds and the Defendant, William W. Wright.
It is well established law that "a party whose agreement is unenforceable under the Statute of Frauds or because of indefiniteness is generally entitled to restitution." Montanaro Bros. Builders, Inc. v. Snow, 460 A.2d 1297, 1301 (1983), citing 3 Restatement (Second), Contracts 375 (1981) and Dobbs, Remedies 13.2 (1973). The Plaintiff, Wayne E. Bonds, seeks restitution of the benefits received by the Defendant at his expense. The allegations of the complaint refer to an unjust enrichment theory of recovery.
The Plaintiff's right of recovery is based on equitable principles, and it is an action at law, the purpose of which is to prevent unjust enrichment. Franks v. Lockwood, 146 Conn. 273,278, 150 A.2d 215 (1959) The only remedy available is in an award for money damages. Misisco v. Lamaita, 192 A.2d 891, 893 (1963). Mr. Bonds' claim in restitution is not a claim arising out of contract. It is the type of claim, "based on equitable principles to operate whenever justice requires compensation be made." Brighenti v. New Britain Shirt Corp., 167 Conn. 403, 407,356 A.2d 181 (1974)"
The Defendants special defense of Res Adjudicata as to the First and Second Counts of the Amended Complaint is unavailing in this case.
The court now turns itself to the burden of proof required if the plaintiff is to establish the amount for which restitution is sought and for the claims made of unjust enrichment.
The evidence at trial established that there was a landlord tenant relationship arising out of the lease (Exhibit A) entered into between the parties.
The improvements if any that were made it is claimed were made because Bonds treated the property as his at all times. Wright at no time authorized any modification or changes to the property. Letters of evidence clearly established that the claim for rent was consistent with the ownership being in the name of Wright. Also, prior proceedings clearly establish that Bonds had CT Page 7659 only two expectations if anything of owning the premises and any improvements he made were voluntary nor can he now expect to be paid.
The arrangements for the rental payments in this case were bizarre. Although the original written lease called for monthly payments later arrangements between the parties had Bonds paying on a mortgage on the premises at Wright's bank. Although payments to the bank had been admitted, no bank records were ever produced at trial to establish with any degree the amounts.
The plaintiff, Bonds, in this case bought personal property for which he paid $5,000.00.
Claims of substantial sums of money paid to Wright were asserted at trial as being advances towards the purchase price of the real estate. Bonds testified at trial he paid about $19,000 out of his business account but produced no records. Bonds testified that he paid $15,000 in cash to Wright in Florida. Viola Bonds testified that she was the person who made the $15,000 payments in cash: June 6, 1986 $5,000, JuLy 7, 1986 $5,000 and June 5, 1987 $5,000. Notwithstanding these substantial payments, she had no receipt, although she asserts she asked for them. She testified the foregoing payments were made towards the purchase of the house. She further testified she was never present at any discussions between Wright and her son as to the improvements made to the property.
Bonds further testified that he paid over to Wright towards the purchase of the premises $44,000 by way of the assignment of a mortgage he owned. Wright acknowledged this assignment of the mortgage, but testified the discounted value was only $30,000.
Wright testified that at the time of the lease, he left a large inventory of antiques and equipment which Bonds agreed to purchase. No exact amount was ever arrived at for the personal items or an inventory made when Wright left for Florida.
Wright testified there was never a meeting of the minds as to an agreement for the sale of the real estate, yet claims that there was an agreement for the purchase of the personal property.
The list of personal property for which he now claims the values appear on Exhibit 6, a document prepared just before trial of the summary process case almost four years after the Bonds entered into possession of the premises. The values appear to be self serving and no evidence was offered other than the testimony of Wright as to value.
An examination of the items in Exhibit 6 show $29,000 in CT Page 7660 antiques. Nothing other than the personal evaluations of the items converted were shown at trial. No expert testimony as to values was presented on the antiques.
Wright acknowledged cash payments of $30,000.00 for the value of his mortgage (Exhibit E). Wright testified he received rental payments of $31,480. Wright testified that the rentals owed were $45,160. Wright acknowledged he was paid $29,225 on all the personal items. Wright testified that the $30,000, the value of his mortgage was received in payment of all the monies owed by Bonds. Wright testified he never received the $19,000 in cash. Wright further testified that the amounts of cash he received at Bond's mother's house in Florida were to make good the bad checks for rentals, etc.
The total amount of improvements made to the premises amounted to about $21,000 (Exhibits F through O).
The financial arrangement and the exchange of cash leads this court to conclude that there is no credible evidence for claims made by the plaintiff as to what the cash was in payment of nor his claims made by the defendant as to how these payments should and were credited.
The only credible evidence in this case is evidenced by the assignment of the discounted mortgage. The court rejects that this amount was applied to the purchase of personal items. The court further rejects the claim for unjust enrichment.
The defendant Wright did not plead any setoffs in this case.
The testimony of Bonds as to the case payments of $19,000 is rejected as well as the payment made for the improvements.
The only credible evidence that supports the claims for restitution concerns the assignment of the discounted value of the mortgage in the amount of $30,000 (Exhibit E) that the defendant admits receiving. To apply it to the uncertain personal property account is rejected.
Accordingly, judgment may enter in favor of the plaintiff to recover the sum of $30,000.
FRANK S. MEADOW, J.