[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a collection matter brought by the plaintiff for hospital services provided for the defendant from September 10, 1987 through September 15, 1987.
The plaintiff was admitted to the hospital after being brought there by the Vernon Police Department. The admission form (exhibit 1) indicates a diagnosis of "Acute Psychosis." The bill for the services provided was $3,895.16.
The defendant claims he is not responsible for the bill as he objected to being hospitalized, was held there against his will, and treated with unneeded medication.
The plaintiff claims the defendant is liable under either a theory of implied contract or quantum meruit. (The complaint does not specify which theory, and merely alleges a debt for services rendered).
The issues thus raised is whether the defendant can be held liable for services provided without his consent, or indeed against his will. The Court finds that the defendant is liable for the treatment rendered by the plaintiff hospital.
In appropriate circumstances, the right of an individual to refuse medical treatment is subject to being overridden by state interests, including preservation of life, protection of interests of innocent third persons, prevention of suicide, and maintenance of the ethical integrity of the medical profession. Foody v. Manchester Memorial Hospital,40 Conn. Sup. 127, 133 (1984). The defendant was admitted to the hospital pursuant to the authority of Connecticut General Statutes Section 17a-502 and 17a-503, or their predecessor statutes Section 17-183 and 17-183a. That the state may have an interest which overrides that of an CT Page 9984 individual is readily inferable from these statutes. It follows logically, that a person in such circumstances should be liable for the treatment that person, by necessity, receives. The circumstances are analogous to the situation where a person with severe medical injuries is provided with emergency care which may include ambulance, medical helicopter, surgeons and hospital services, all without the knowledge or consent of the individual. The law does find a quasi-contract, that is an obligation which the law creates out of the circumstances present, even though a party did not assume the obligation and may not have intended it, but in fact actually dissented from it. This theory is based on equitable principles to operate whenever justice requires that compensation be made. Brighenti v. New Britain Shirt Corp., 167 Conn. 403, 407 (1974). In other words it is a theory of unjust enrichment or quantum meruit.
Under either theory the defendant is liable for this bill. Where a hospital has rendered services under an expectation they were to be paid and if they were rendered under such circumstances that the recipient knew, or as a reasonable person should have known, the hospital expected to be paid, a contract is implied. Clark v. Diedendorf [Diefendorf],109 Conn. 507, 512 (1929).
It would be inequitable for the recipient to obtain the beneficial results of the services provided and not be obliged to pay for them, therefore the hospital prevails under a quantum meruit theory.
Accordingly, judgment shall enter for the plaintiff in the amount of $3,895.16, plus costs.
BY THE COURT,
Hon. Lawrence C. Klaczak Superior Court Judge