Peter KENT

v.

AVCO CORPORATION.

AVCO CORPORATION,
Counter–Claimant,

v.

Peter KENT, Counter–Defendant.

AVCO Corporation, Counter–Defendant.

Civ. No. 5:91–35 (WWE).

United States District Court,
D. Connecticut.

March 11, 1994.

See also 815 F.Supp. 67.

834

Peter Kent, pro se.

Andrew A. Cohen, Wiggin & Dana, New Haven, CT, Susan K. Krell and Bernard E. Jacques, Wiggin & Dana, Hartford, CT, for AVCO Corp.

### RULING ON MOTION TO STRIKE AND/OR DISMISS

EGINTON, Senior District Judge.

Plaintiff Peter Kent brought this action against his former employer, defendant AVCO Corporation ("AVCO"), alleging that AVCO coerced him into early retirement in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* In response to defendant's Answer, Affirmative Defenses and Counterclaim, plaintiff filed his own set of counterclaims. Defendant has moved to strike and/or dismiss these counterclaims pursuant to Fed.R.Civ.P. 12(f) and

12(b)(6). For the reasons set forth below, the motion will be granted.

### FACTS

The relevant facts are as follows. AVCO employed Kent from 1963 to 1989. At the time of his departure, Kent was Counsel to AVCO. Based on AVCO's requirements that an employee reach age fifty-five and provide ten years of service, Kent became eligible for retirement in October, 1983. He claims that AVCO coerced him into early retirement by threatening to reduce his earned retirement health and insurance benefits if he did not retire by December 31, 1989.

Although Kent remained on AVCO's payroll until December 31, 1989, his last day of work was October 31, 1989. During these two months, Kent collected vacation pay. In addition, he called in sick fourteen days in that two-month period. Kent later admitted to having obtained new employment and working thirteen of those fourteen sick days. In AVCO's sole counterclaim, it seeks to recover the money paid to Kent as sick pay. By way of response to this counterclaim, plaintiff pleaded seven counterclaims. The first five—breach of contract, negligent misrepresentation, breach of implied covenant of good faith and fair dealing, intentional infliction of emotional distress and/or breach of covenant of good faith and fair dealing, and intentional infliction of emotional distress and/or breach of covenant of good faith and fair dealing—are based on Kent's contention that he had a vested right to a particular benefit plan that AVCO once offered to its employees and retirees. The last two counterclaims relate to AVCO's alleged breach of an implied contract to transfer plaintiff to certain specified positions.

### DISCUSSION

Pursuant to Fed.R.Civ.P. 12(f), a court may strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." These motions "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Schramm v. Krischell,* 84 F.R.D. 294, 299

extplitwoolumn.

eteoroperly.

(D.Conn.1979). However, a court should strike the disputed matter if it is "irrelevant 'under any state of facts which could be proved in support' of the claims being advanced." *Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.,* 657 F.Supp. 136, 144 (E.D.N.Y.1987) (quoting *Trusthouse Forte, Inc. v. 795 Fifth Avenue Corp.,* No. 81 Civ. 1698, slip op., 1981 WL 1113 (S.D.N.Y. Sept. 1, 1981)).

"The function of a motion to dismiss 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984) (quoting *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980)). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### Counterclaims One Through Five

The Employment Retirement Income Security Act ("ERISA") preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). The preemption clause is expansive "and designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45–46, 107 S.Ct. 1549, 1551–52, 95 L.Ed.2d 39 (1987) (quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981)). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983).

In this action, each of plaintiff's first five counterclaims depends upon the existence of a welfare benefit plan. As such, the counterclaims relate "not merely to pension benefits, but to the essence of the pension plan itself." Consequently, these claims relate to an ERISA plan and are preempted. *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139–40, 111 S.Ct. 478, 483–84, 112 L.Ed.2d 474 (1990).

### Counterclaims Six and Seven

Kent alleges that he applied for eight different positions between May, 1986, and August, 1987. He further contends that AVCO breached its implied contract and implied covenant of good faith when it did not hire him for any of these positions.

An implied contract depends on the existence of an actual agreement, *Brighenti v. New Britain Shirt Corp.,* 167 Conn. 403, 406, 356 A.2d 181 (1974), and requires "that there be an obligation created by law that imposes a duty to perform[,]" *Therrien v. Safeguard Mfg. Co.,* 180 Conn. 91, 95, 429 A.2d 808 (1980). Plaintiff has not alleged the existence of any such agreement or obligation. An employer's posting of open positions simply does not create an implied contract to employ any one particular applicant. *See Keene Corp. v. Hoofe,* 267 A.2d 618 (Del. Ch.1970), *aff'd,* 276 A.2d 269 (1971) (job advertisement is merely offer to bargain, not contractual obligation). In any event, the six year statute of limitations for the commencement of an action based on an implied contract bars seven of the eight subparts of Kent's sixth counterclaim. Conn.Gen.Stat. § 52–576(c).

Claims involving a duty of good faith are treated as torts and governed by Connecticut's three-year statute of limitations. *City of West Haven v. Commercial Union Ins. Co.,* 894 F.2d 540, 541 (2d Cir. 1990) (interpreting Conn.Gen.Stat. § 52–577). The three-year statute of limitations bars Kent's seventh counterclaim.

### CONCLUSION

For the reasons set forth above, defendant's motion to strike and/or dismiss plaintiff's counterclaims [98] is GRANTED.