[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a civil action in which the plaintiff is the daughter-in-law of the defendants. This is a companion action to the case of Joseph F. Santos. Jr. v. Mary L. Santos, docket number FA92 029 24 76, an action for dissolution of marriage. The complaint alleges a constructive trust in count one, unjust enrichment in count two, quantum meruit in count three and fraud and misrepresentation in court four, all based on a claimed interest in the defendants' real property known as 4357 Madison Avenue, Trumbull, Connecticut.
The defendants have filed an answer which denies the actionable allegations of all counts of the plaintiff's complaint and filed a counterclaim consisting of three counts in which they claim unjust enrichment in the first count, abuse of process in the second count and slander of title in the third count. They have claimed a special defense of the statute of limitations.
The following facts are found:
1. Defendants purchased the subject property in October, 1969 for $31,000 and have owned the property continuously ever since.
2. The property consists of two residential structures, a main house and a garage with an apartment over the garage.
3. The garage and apartment share a common driveway with, and draws electricity and other utilities from the main house.
4. In October, 1975, tenants who had been living in the main CT Page 11714 house on the property for more than four years vacated the premises.
5. Early in 1976 the defendants offered to sell the property at 4357 Madison Avenue in Trumbull to the plaintiff and her husband for the sum of $28,000.
6. This offer was rejected by the plaintiff and her husband.
7. After this offer was rejected, the defendants offered to transfer the property to the plaintiff and her husband on the condition that they refurbish the property and make such improvements that they desired to make and pay all their bills without the need to obtain any financing.
8. On reliance upon this promise, the plaintiff and her husband sold the property that they owned on Madison Avenue in Bridgeport, refurbished the property owned by the defendants at 4357 Madison Avenue in Trumbull and paid approximately $41,000 for such improvements and refurbishing of the Trumbull property and moved into that property in December, 1976.
9. The plaintiff and her husband and their children continued to occupy this property as their home.
10. The plaintiff vacated this property on June 7, 1992, when she and her husband separated.
11. The plaintiff and her husband did not receive anything from the defendants in return for refurbishing and remodeling the property at 4357 Madison Avenue in Trumbull.
12. The plaintiff asked her husband on numerous occasions to ask his parents when the property would be deeded to them.
13. After the plaintiff and her husband began to occupy the premises, they paid no rent for a period of a year and then paid $100 per month until October, 1982 when it was increased to $165 per month until January, 1984 when it increased to $200 per month until August, 1985 when it increased to $250 per month. In August, 1988, it increased to $300 per month until July, 1992. This was far below a reasonable rental value for the property. CT Page 11715
14. The defendants always referred to the property as "Joe' s property" or as the "kids' property."
15. After the plaintiff and her husband took possession of the defendants' property, they maintained the same at their expense, made decisions regarding improvements to the property and did what they wished with their property without need to seek the consent of the defendants.
16. During the years 1979-1985, the defendant Joseph K. Santos, Sr. supplied free home heating oil to the plaintiff and her husband as "a gift to better their lives."
17. During the years 1989 to 1992, the defendant Joseph F. Santos, Sr., paid the liability insurance on the property for the plaintiff and her husband as a gift.
18. During the years of the plaintiff's occupancy, the defendant Joseph F. Santos, Sr. replaced the oil tank, widened the driveway on two occasions, cleaned out the septic tank, caused a patio to be built on the back of the house, rebuilt a porch on the front of the house, provided a rear canopy over the door, caused the kitchen to be enlarged with an addition on the second floor, all as gifts to his son and his son's family.
19. The defendants never expected reimbursement for the home heating oil supplied, the additions or improvements they made to the property or repayment for any of the services they paid for in connection with the property.
20. The defendant expressed the thought when asked about repayment for any of the bills he paid: "It was my family. We all lived together. I just wanted to help them. They were family."
21. The defendant Joseph F. Santos, Sr., expressed the comment: "They were welcome to do anything they wanted to do in their house." (Emphasis supplied.)
22. The defendant Joseph F. Santos, Sr., stated further: "That was their house. They could do anything they chose to do in there." (Emphasis supplied.)
23. The defendant Joseph F. Santos, Sr., agreed that the CT Page 11716 refurbishing and improvements done by the plaintiff and her husband did enhance the value of the property.
24. The defendant Joseph F. Santos, Sr., was of the opinion that the improvements and refurbishing of the- property by the plaintiff and her husband had increased the value of the property by $20,000.
25. The defendant Carmella T. Santos said in the presence of others that the kids were lucky that their Dad was doing all this for them.
26. The defendants have failed to compensate the plaintiff and her husband for the money they expended upon the Trumbull real property owned by the defendants.
CONSTRUCTIVE TRUST
The following quotation from the case of Cohen v. Cohen,182 Conn. 193, 203 (1980) probably best describes a constructive trust:
 "In Beatty v. Guggenheim Exploration Co., 225 N.Y. 380, 386, 122 N.E. 378 (1919), Judge Cardoza wrote: `A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.' See 5 Scott, Trusts (3d Ed. § 462, p. 34.3. The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment. 5 Scott, op. cit. § 462. Thus a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. . . ." (Citations omitted.)
In order for a constructive trust to be created, however, there must be a duty owed, or a fiduciary or otherwise special relationship between the parties. Thus, a necessary allegation of CT Page 11717 count one of the plaintiff's complaint is the allegation of paragraph ten. In paragraph ten the plaintiff alleges as follows:
 "The plaintiff, MARY LOUISE SANTOS, as the Defendants' daughter-in-law, reposed great trust and reliance on the Defendants that they would transfer the subject premises as promised."
Paragraph 11 states as follows:
 "The Defendants, JOSEPH F. SANTOS and CARMELLA T. SANTOS, are subject to an equitable duty to convey the premises to the plaintiff on the ground that they would be unjustly enriched if they were permitted to retain it."
The relationship of daughter-in-law and father- and mother-in-law does not give rise, in and of that relationship itself, to a confidential relationship. It is unlike the relationship of father and son. See Felosi v. Hawkins, 1 Conn. App. 634,639 (1984). There was no duty on the part of the defendants to hold this property as constructive trustees for the plaintiff. The court does not find that the allegations of paragraph 10 and 11 of the First Count have been proved. Were the court to grant the relief requested under the First Count, the plaintiff would be unjustly enriched in that she would be receiving property valued at $240,000 upon an investment of hers and her husband of $42,000 made in 1976 and which by age and reasonable wear and tear would now be less in value.
UNJUST ENRICHMENT
A claim for restitution or unjust enrichment is based upon equitable principles and operates whenever justice requires compensation to be made. Cecsio Bros., Inc. v. Greenwich,156 Conn. 561, 564-65 (1968). It is an equitable principle to operate whenever justice requires compensation to be made. Brighenti v.New Britain Shirt Corporation, 167 Conn. 403, 407 (1974).
The defendants have failed to compensate the plaintiff for the expenditures that she made upon the defendant's property in Trumbull and have failed to convey the property to her and her husband as they promised. The plaintiff and her husband made the CT Page 11718 investments that they made in reliance upon the promises made by the defendants. This claim of unjust enrichment being an equitable one it is not barred by the statute of limitations. Neither is the statute of frauds a bar to such a claim, the plaintiff and her husband having performed in accordance with their part of the bargain.
QUANTUM MERUIT
Quantum meruit is a remedy available to a party when the trier of fact determines that an implied contract for service existed between the parties and that the plaintiff is, therefore, entitled to the reasonable value of services rendered.
The facts of the case must demonstrate a course of conduct which implies a promise to pay for services rendered. Such a recovery is permitted with regard to the extent of the benefit conferred on the other party. Rossetti v. New Britain, 163 Conn. 283,292 (1972).
Such is not the case here. The course of conduct of the parties did not imply a promise to pay for services rendered.
FRAUD AND MISREPRESENTATION
The court finds no fraud or misrepresentation on the part of the defendants.
DEFENDANTS' CLAIMS
The defendants' claim of unjust enrichment is not demonstrated by the facts. The defendants did not expect any repayment by the plaintiff of the benefits she and her husband received. They were by way of gifts, and the defendant Joseph Santos, Sr., testified that neither he nor his wife believed that Mary L. Santos owed them anything up until she vacated the premises in June, 1992.
The court finds no abuse of process on the part of the plaintiff. She has demonstrated a good claim for relief on the ground of unjust enrichment and justification for her lis pendens since this claim involved real property as described in that lis pendens.
The court finds no slander of title to the defendants' CT Page 11719 property. No statement made by the plaintiff was made with malice.
JUDGMENT
The court finds the issues in the plaintiff's favor on the second count of the complaint. The court has found that the defendants were unjustly enriched to the extent of an increase in value of their real property in an amount of Twenty Thousand ($20,000) Dollars. This, however, was a result of both the plaintiff and her husband's contribution to the increase in the value of the property. One half of that amount is attributable to the plaintiff. The court, therefore, enters judgment on the second count of the plaintiff's complaint in the amount of Ten Thousand ($10,000) Dollars plus costs.
The court enters judgment in favor of the defendants on the first, third and fourth counts of the plaintiff's complaint.
The court enters judgment in favor of the plaintiff on the first, second and third counts of the defendants' counterclaim.
Since the court did not find in the plaintiff's favor on the third count, the special defense of the statute of limitations need not be ruled upon.
EDGAR W. BASSICK, III, JUDGE