[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
On August 2, 1994, the plaintiff, Charles Burke, filed a two count complaint against the defendant, Ronald M. DeMeola, d/b/a Ron Michael's Beauty Salon (Beauty Salon), alleging negligence and CT Page 2095 breach of contract, respectively. The plaintiff is seeking damages for physical injuries he allegedly suffered when he fell in the defendant's beauty salon.
The first count of the complaint alleges the following facts. On April 7, 1992, the plaintiff entered the defendant's beauty salon for a shampoo, haircut and style. The defendant accepted the plaintiff as a client and proceeded to shampoo the plaintiff's hair. When the defendant finished washing the plaintiff's hair, the defendant directed the plaintiff from the sink where the plaintiff's hair was washed to the barber's chair. The defendant guided the plaintiff to the barber's chair because the plaintiff could not see clearly after the shampoo since his face was wet and his head was wrapped with towels. As the defendant guided the plaintiff from the sink to the barber's chair, the plaintiff slipped on a hair-roller on the floor and fell, striking his neck and head on a barber's cabinet.
The first count further alleges that the defendant owed three duties to the plaintiff; a duty to keep the floor clean, a duty to safely guide the plaintiff from the sink to the barber's chair, and a duty to warn the plaintiff about any dangerous conditions on the floor. The first count further alleges that the defendant breached each of these duties, and as a result, the plaintiff suffered injuries.
The second count incorporates every allegation of the first count and then alleges that the plaintiff and the defendant entered into a contract for the defendant's services. The second count further alleges that the implied service contract included an agreement that the plaintiff would not be injured by the defendant's services, which in turn imposed a duty upon the defendant to safely guide the plaintiff from the shampoo area to the barber's chair and warn the plaintiff about any dangerous conditions. The second count alleges that the defendant breached this contractual obligation, and as a result, the plaintiff suffered injuries.
On October 31, 1994, the defendant filed a motion to strike the first and second count. "A motion to strike challenges the legal sufficiency of a pleading. In reviewing the granting of a motion to strike, we take the facts alleged in the complaint and construe them in a manner most favorable to the pleader. . . . This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the CT Page 2096 legal conclusions or opinions stated in the complaint. . . . (Citations omitted; internal quotation marks omitted.) Forbes v.Ballaro, 31 Conn. App. 235, 238-39, 624 A.2d 389 (1993).
COUNT 1
The first count of the complaint sets forth cause of action in negligence against the defendant. The defendant moves to strike the first count on the ground that the two-year statute of limitation for negligence actions, C.G.S. Section 52-584,[1] lapsed before the plaintiff filed his lawsuit. The defendant argues that the defendant's alleged breach of duty, and the plaintiff's alleged resulting harm from said breach, occurred on April 7, 1992. The defendant further argues that the plaintiff filed his negligence action more than two years later on August 2, 1994. Thus, the defendant argues that the two year statute of limitations has lapsed and the plaintiff's negligence action is time barred.
The plaintiff argues the C.G.S. Section 52-584 requires a person to file his negligence action within two years from the date he discovered his injury, or, in the exercise of reasonable care should have discovered his injury, but in no case more than three years after the act or omission complained of. The plaintiff argues that he filed his negligence action within three years from April 7, 1992, which is the date the defendant committed the act complained of. Moreover, the plaintiff argues that there remains a question of fact as to when the plaintiff, in the exercise of reasonable care, should have discovered his injury as the term injury is contemplated under C.G.S. Section 52-584. Therefore, the plaintiff argues that the motion to strike should be denied.
Ordinarily, "[a] claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v. Ballaro, supra31 Conn. App. 239. "In two limited situations, however, [courts] will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when `[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer.'" Id., quoting Vilcinskasv. Sears, Roebuck Co., 144 Conn. 170, 171-72, 127 A.2d 814
(1956). "The second is where `a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or CT Page 2097 condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone.'" Id., quoting DeMartino v. Siemon, 90 Conn. 527, 528-29, 97 A. 765
(1916).
In the present case, the plaintiff's right of action, negligence, is not derived from a statute. Furthermore, despite the defendant's argument to the contrary, the complaint does not set forth all the facts pertinent to determine the question of whether the action is time barred by the statute of limitations; nor do the parties agree that the complaint sets forth all the facts to make such a determination.
The applicable statute of limitation, C.G.S. Section 52-584, requires a person to file their negligence action within two years from when the person discovered their injury, or, in the exercise of reasonable care should have discovered their injury. C.G.S. §52-584. The Supreme Court has construed the word `injury' in Section 52-584 to refer to `actionable harm'. Cats v. Rubenstein,201 Conn. 39, 45, 513 A.2d 98 (1986). "`Actionable harm' occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered, the essential elements of a cause of action." Lambert v. Stovell, 205 Conn. 1, 6, 529 A.2d 710 (1987). Thus, in the present case, the plaintiff suffered an injury as contemplated by Section 52-584 when he discovered, or in the exercise of reasonable care should have discovered, the essential elements of his negligence cause of action.
The essential elements of a negligence cause of action are "[a] breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff. . . . They are therefore necessary ingredients for `actionable harm.'" Cats v. Rubenstein, supra 201 Conn. 44. Consequently, in the present case, the clock on the statute of limitation started to tick the moment when the plaintiff discovered, or in the exercise of reasonable care should have discovered, a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff. Id.
The plaintiff, in opposition to the present motion to strike, argues that he was unable to discover his actionable harm because he was unable to discover the essential elements of his negligence cause of action. Specifically, the plaintiff argues that he was unable to determine if the defendant's breach of duty caused his resulting harm or if the resulting harm was caused by the CT Page 2098 inflammation or complication of pre-existing physical injuries. The defendant admits that the plaintiff's medical history is `replete' with numerous pre-existing medical problems." The complaint, however, does not set forth the nature of extent of the pre-existing injuries. Therefore, the complaint does not set forth all the pertinent facts for the court to determine if the plaintiff's action is barred by the statute of limitations. Accordingly, the motion to strike the first count on the ground that it is barred by the statute of limitation is denied because the complaint does not set forth all the facts pertinent for the court to determine whether the action is time barred. See Forbesv. Ballaro, supra 31 Conn. App. 238-39.
COUNT 2
The second count of the complaint alleges that the defendant breached the parties' implied service contract which included a provision that the plaintiff would not suffer injuries because of the care he received or the condition of the beauty salon. The defendant argues that the second count should be stricken because the duty to keep his beauty salon safe for an invitee is a product of the law of negligence and not contract law. The defendant asserts that the plaintiff cannot metamorphize a negligence action into a breach of contract action by means of crafty pleading. Moreover, the defendant argues that if the court recognizes an implied contract under the facts of this case it would gut the purpose and effect of the two year statute of limitation on negligence actions because every negligence action barred by the statute of limitation would be drafted by clever counsel into an action on an implied contract.
The plaintiff argues that the second count should not be stricken because "[t]here is a difference in the implied contract to sell a pair of shoes or to give someone a haircut. In this case, an obese, diabetic patron in his late 70's was given a shampoo in a sink with [his] head bent over, water and towels on his head and in the course of walking from the sink to the cutting chair, he fell. He bargained for a safe environment on which his way would have been clear. . . . The defendants breached that agreement."
"The burden rests on the plaintiff to allege a recognizable cause of action in [his] complaint." (Internal quotation marks omitted.) Burns v. Koellmer, 11 Conn. App. 375, 382, 527 A.2d 1210, (1987). "An implied contract is an agreement between the parties CT Page 2099 which is not expressed in words but which is inferred from the acts and the conduct of the parties." Brighenti v. Britain Shirt Corp.,167 Conn. 403, 406, 356 A.2d 181 (1974). "An implied contract depends upon the existence of an actual agreement between the, parties." Christensen v. Bic Corp., 18 Conn. App. 451, 454,558 A.2d 273 (1989). "The test is whether the conduct and acts of the parties show an agreement." Brighenti v. Britain Shirt Corp., supra 406. "Whether the parties have entered into such an agreement is a question of fact." Christensen v. Bic Corp., supra 454.
The second count alleges that the plaintiff entered the defendant's beauty salon and thereafter the defendant started to wash, cut and style the plaintiff's hair. Moreover, the second count alleges that the defendant guided the plaintiff from the sink where the plaintiff's hair was washed to the barber's chair. "An implied contract is an agreement between the parties which is not expressed in words but which is inferred from the acts and the conduct of the parties." Brighenti v. Britain Shirt Corp., supra167 Conn. 406. "The test is whether the conduct and acts of the parties show an agreement." Brighenti v. Britain Shirt Corp., supra 406. "Whether the parties have entered into such an agreement is a question of fact." Christensen v. Bic Corp., supra 454.
"In reviewing the granting of a motion to strike, we take the, facts alleged in the complaint and construe them in a manner most favorable to the pleader. . . . This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions, stated in the complaint. . . . (Citations omitted; internal quotation marks omitted.) Forbes v. Ballaro, supra 31 Conn. App. 238-39.
The court finds that the plaintiff has alleged conduct in the second count that could evidence an actual agreement between the parties. If the plaintiff simply entered the public shop, and did not employ the defendant, then any injury to the plaintiff would be actionable under only the law of negligence. Where, however, a plaintiff alleges that an injury occurred during the performance of a service, and part of the service was to protect the plaintiff from harm, as allegedly evidenced by the defendant guided the plaintiff around the salon, then the court cannot conclude that the plaintiff's action is only in negligence. Whether there exists an implied contact based upon the conduct of the parties, and the contents of that agreement are questions of facts to be decided by CT Page 2100 the trier of fact. Brighenti v. Britain Shirt Corp., supra167 Conn. 406. Accordingly, the defendant's motion to strike the second count on the ground that the plaintiff has not alleged a cause of action for breach of an implied contract is denied.
STANLEY, J.