[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] (MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#102)
The defendant, Dewolfe Westledge (Dewolfe) filed a motion for summary judgment against the plaintiffs, Maurice and Pamela Kennedy (Kennedy) on June 12, 1998. Kennedy filed a four count complaint against Dewolfe on March 30, 1998, alleging that Dewolfe engaged in fraudulent misrepresentation; that Dewolfe breached an express and an implied contract; and that Dewolfe violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.
Dewolfe is a real estate agent who was employed by Elizabeth Sullivan to promote the sale of Sullivan's home in Clinton. Complaint, First Count, ¶ 3. As a result of Dewolfe's promotion, Sullivan and Kennedy executed a purchase and sale agreement of the home on March 4, 1995, and Sullivan transferred the property to Kennedy on March 17, 1995. Complaint, First Count, ¶¶ 4 — 6.
Kennedy alleges that Dewolfe "represented that the [home] was new even though it knew otherwise." Complaint, First Count, ¶ 7. Kennedy cites eighteen defects with the property, including: cracked foundation beams, cracked bathroom faucets and door jams, high levels of magnesium in the water supply, an improperly constructed sewer system, and older appliances that were represented as being new. Complaint, First Count, ¶ 8.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; Nichols v. The Lighthouse Restaurant,246 Conn. 156, 163, ___ A.2d ___ (1998). ""In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." HertzCorporation v. Federal Insurance Company, 245 Conn. 374, 381,713 A.2d 820 (1998). "The party seeking summary judgment has the CT Page 3122 burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id., 381.
Dewolfe contends that summary judgment should be entered in its favor because Kennedy's misrepresentation, breach of implied contract and CUTPA claims are barred by certain statutes of limitations.[1] Kennedy argues that § 52-593 a applies because it states "a cause of action shall not be lost because of the passage of time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served . . . within fifteen days of delivery." Kennedy maintains that he delivered the complaint to a sheriff within the time period set out in § 52-593a and that his misrepresentation, breach of implied contract and CUTPA claims are timely.
 FIRST COUNT: FRAUDULENT MISREPRESENTATION
"The elements of fraudulent misrepresentation are as follows: (1) a false representation must be made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to [its] detriment." Wellington Systems. Inc. v. Redding Group,Inc., 49 Conn. App. 152, 164-65, 714 A.2d 21, cert. denied,246 Conn. 905, ___ A.2d ___ (1998). General Statutes § 52-577
states, "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."
Kennedy alleges Dewolfe's fraudulent misrepresentations induced Kennedy to purchase the home. There are no allegations that Dewolfe made fraudulent misrepresentations after the execution of the land sale agreement on March 4, 1995. In response to the motion for summary judgment, the plaintiff submitted no counter-affidavit to show that any alleged misrepresentation was made after March 4, 1995. Because the complaint was not delivered to the sheriff before March 4, 1998, summary judgment is granted on the first count because the CT Page 3123 statute of limitations had run prior to service of the complaint, even taking into account the savings provisions of § 52-593a
of the General Statutes.
 SECOND COUNT: BREACH OF EXPRESS CONTRACT
"The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages."Diette v. Dental Group of Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 158747 (February 27, 1998, Lewis, J.). General Statutes § 52-576
(a) provides, "[n]o action for . . . any contract in writing, shall be brought but within six years after the right of action accrues. . . ."
The statute of limitations has not yet run on this claim. The defendant has submitted evidence in the form of an affidavit, however, that there was no express contract between the parties. The plaintiff has not submitted evidence, in the form of an affidavit or otherwise, that there was an express contract. In order to controvert the factual assertions in the materials in support of a motion for summary judgment, the nonmoving party has the obligation to submit some factual information showing that there is a genuine issue of fact. Summary judgment is granted on this count.
 THIRD COUNT: BREACH OF IMPLIED CONTRACT
"An implied contract is an agreement between the parties which is not expressed in words but which is inferred from the acts and conduct of the parties . . . The test is whether the conduct and acts of the parties show an agreement." (Citations omitted.) Brighenti v. Britain Shirt Corporation, 167 Conn. 403,406, 356 A.2d 181 (1974). An implied contract "arises where a plaintiff, without being requested to do so, renders services under circumstances indicating that he expects to be paid therefor, and the defendant, knowing such circumstances, avails himself of those services." Collins v. Lewis, 111 Conn. 299, 304,149 A. 668 (1930); Cross v. Hudon, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 360861 (March 31, 1995, Corradino, J.) (14 Conn. L. Rptr. 19).
The defendant has moved for summary judgment as to this count on the ground that it is barred by the statute of limitations CT Page 3124 prescribed in § 52-581.[2] The three year statute of limitations for oral contracts applies only to executory contracts. Tierney v American Urban Corp. , 170 Conn. 243, 248
(1976); Cupina v. Bernklau, 17 Conn. App. 159, 162-63 (1988). If there is a genuine issue as to whether a contract is executory, summary judgment should not issue on the ground of statute of limitations. Connecticut Bank Trust Co. v. Reckert,33 Conn. App. 702, 714 (1994). There has been no evidence submitted which might remove as an issue of fact the issue of whether either side has fully performed. Summary judgment will not, then, enter as to the third count.
 FOURTH COUNT: CUTPA
General Statutes 42-110b states that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "[I]n order to prevail in a CUTPA action, a plaintiff must establish both that the defendant has engaged in a prohibited act and that, as a result of this act, the plaintiff suffered an injury." (Internal quotation marks omitted.) Abrahams v. Young Rubicam,Inc., 240 Conn. 300, 306, 692 A.2d 709 (1997). CUTPA has a three-year statute of limitations. General Statutes §42-110g(f). Kennedy incorporates the first three counts in this count and adds the allegation that Dewolfe violated CUTPA by "representing that the [home] was new construction when in fact it knew that the construction was made from modular or prefabricated parts."
Similar to the fraudulent misrepresentation claim, a CUTPA action must be commenced within three years of the occurrence of the CUTPA violation. Kennedy does not allege that the prohibited trade practices took place after the execution of land sale agreement on March 4, 1995. Kennedy did not serve the defendant until March 17, 1998.[3] Therefore, summary judgment is granted in favor of Dewolfe on this count.
 CONCLUSION
The defendant has sustained its burden as to Counts One, Two and Four and summary judgment shall enter as to these counts in favor of the defendant. Summary judgment is denied as to Count Three.
Beach, J. CT Page 3125