[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Jane Doe, a minor child, and her mother, Heidi Evans, commenced this proceeding against Ambrosia Jacome, Michael Green, William Hauser, King Conn Enterprises (King Conn), and Burger King Corporation (Burger King). The action arises out of an incident in which Jacome, an employee of the Danbury Burger King, allegedly sexually assaulted Doe, a coworker, while both were working the evening shift on April 29, 1997. Burger King, the seller of the Danbury Burger King franchise, and King Conn, the franchise owner, filed a motion for summary judgment on counts thirteen and fifteen of the substituted complaint. The plaintiffs have filed no opposition to the motion.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center,252 Conn. 363, 368 (2000).
The plaintiffs claim in count thirteen of their substituted complaint that Burger King is liable to Doe under a quasi-contract claim, which arises out of certain terms and conditions contained in an employee handbook given to Doe by King Conn. The defendants contend that they are entitled to summary judgment on count thirteen because there is no issue of material fact that there is no employment relationship between Burger King and Doe.
"An implied [in fact] contract is an agreement between the parties which is not expressed in words but which is inferred from the acts and the conduct of the parties . . . [t]he test is whether the conduct and acts of the parties show an agreement. Brighenti v. New Britain ShirtCorp., 167 Conn. 403, 406 (1974). "In distinction to an implied [in fact] contract, a quasi [or implied in law] contract is not a contract, but an obligation which the law creates out of the circumstances present, even though a party did not assume the obligation, and may not have intended but in fact actually dissented from it. . . . It is based on equitable principles to operate whenever justice requires compensation to be made. . . . With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the CT Page 14030 doctrine is claimed to examine the circumstances and the conduct of the parties and apply this standard." Bershtein, Bershtein Bershtein v.Nemeth, 221 Conn. 236, 242 (1992).
Our Connecticut Supreme Court has held that "under appropriate circumstances, the terms of an employment manual may give rise to an express or implied contract between employer and employee. . . ." Carbonev. Atlantic Richfield Co., 204 Conn. 460, 471 (1987). As a precondition, however, there must exist an employment relationship between the parties. See Finley v. Aetna Life and Casualty Co., 202 Conn. 190, 198
(1987). The defendants have submitted affidavits and other proof that show that there is no genuine issue of fact that Doe did not have an employment relationship with Burger King. When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Ins. Co. ofPennsylvania, 231 Conn. 756, 795 (1995).
In their substituted complaint, the plaintiffs have not alleged sufficient facts to support their allegation that an employment relationship existed between Burger King and Doe which binds the parties to the terms and conditions set out in the handbook. A party's conclusory statements, in the affidavit and elsewhere, may not constitute evidence sufficient to establish the existence of disputed material facts. Guptav. New Britain General Hospital, 239 Conn. 574, 583 (1996). Furthermore, in Kenny v. Norville, Superior Court, judicial district of Waterbury, Docket No. 120178 (October 3, 1996, Vertefeujile, J.) (17 Conn.L.Rptr. 687), the court, in deciding whether the defendant was an agent or employee of Domino's Pizza, Inc., held that "the fact that the words "Domino's Pizza' appeared on Norville's clothing, the pizza bag and atraining manual do not establish that there is a genuine issue whether Norville was an agent for [Domino's Pizza, Inc.]. . . ." (Emphasis added).
This Court concludes that there is no genuine issue of material fact that no employment relationship existed between Doe and Burger King at the time of the alleged assault. Therefore, the terms of the employee handbook cannot give rise to an implied contract claim that warrants imposing an obligation on Burger King to compensate Doe. The defendants' motion for summary judgment as to count thirteen is granted.
The plaintiffs assert in count fifteen of their substituted complaint that Burger King is liable to Doe's mother, Heidi Evans, for consequential damages for loss of the companionship and services of her daughter. Specifically, the plaintiffs claim that "[a]s an actual and proximate result of [Burger King's] failure to comply in quasi-contract . CT Page 14031 . . Evans has sustained a loss of the companionship and services of . . . Doe."
"It is inherent in the nature of a derivative claim that the scope of the claim is defined by the injury done to the principal." Jacoby v.Brinckerhoff, 250 Conn. 86, 93 (1999). Because Doe's claim against Burger King did not survive the defendants' motion for summary judgment, Evans' claim, which is entirely derivative of Doe's claim, must also fail. Accordingly, the defendants' motion for summary judgment as to count fifteen is granted. The motion for summary judgment is granted in its entirety.
Moragha J.T.R.